RICHARD E. QUINTILONE II (SBN 200995)
ALVIN B. LINDSAY (SBN 220236)
QUINTILONE & ASSOCIATES
22974 EL TORO ROAD SUITE 100
LAKE FOREST, CA  92630-4961
TELEPHONE NO. (949) 458-9675
FACSIMILE NO. (949) 458-9679
E-MAIL:  REQ@QUINTLAW.COM; ABL@QUINTLAW.COM

Attorneys for Plaintiffs BRIAN ROGERS and AMY CASEY individually and on
behalf of all employees similarly situated

DONNA M. MEZIAS (SBN 111902)
LIZ K. BERTKO (SBN 268128)
AKIN GUMP STRAUSS HAUER & FELD LLP
580 CALIFORNIA STREET, SUITE 1500
SAN FRANCISCO, CA 94104
TELEPHONE:  415.765.9500
FACSIMILE:   415.765.9501
DMEZIAS@AKINGUMP.COM; LBERTKO@AIKINGUMP.COM

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ROGERS, an individual, and AMY CASEY, an individual, on behalf of themselves, and on behalf of all employees similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> THD AT-HOME SERVICES, INC. dba HOME DEPOT, a Delaware Corporation; US REMODELERS dba HOME DEPOT INTERIORS, a Delaware Corporation; US HOME SYSTEMS. INC., an unknown corporation, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 5:14-cv-02069-JGB-SP <br><br> CLASS ACTION <br><br>  Assigned for All Purposes To: <br> Judge: Jesus G. Bernal <br> Dept.:  Courtroom 1 <br><br> JOINT STIPULATION AND REQUEST FOR CONTINUED CASE MANAGEMENT DATES <br><br> Complaint Filed:      July 14, 2014 <br> Removed:                  October 7, 2014 <br> Amended Complaint:  January 29, 2015 |

JOINT STIPULATION REGARDING CASE MANAGEMENT DATES

Plaintiffs Brian Rogers and Amy Casey (collectively "plaintiffs"), on behalf of themselves and other similarly situated employees, and defendants THD At-Home Services, Inc. dba Home Depot, US Remodelers dba Home Depot Interiors, and US Home Systems, Inc. (collectively "defendants") hereby submit this joint stipulation requesting that the Court reschedule the case management dates in this action as set forth below.  This is the parties' second stipulation and request to continue the case management dates.  The Court approved their first stipulation (Docket No. 45) setting the below "present deadlines" by entering an Order dated November 2, 2015.  (Docket No. 46).

This second stipulation and request does not seek to continue the existing pre-trial conference or jury trial dates and only addresses continued dates for discovery, motion filing, and other requirements that must be satisfied in advance of trial.  The parties have been meeting and conferring to resolve any discovery disputes without Court intervention, and as a result, the defendants have been producing a substantial number of documents.  Nonetheless, the parties request a brief continuance of the discovery, expert, mediation completion, and motion filing dates.  The parties submit that there is good cause for granting their present stipulation and request so they can schedule and complete depositions and other fact and expert discovery prior to class certification briefing.

The proposed continued dates also take into account calendar developments since the first request, including that plaintiffs' counsel has multiple trials in unrelated matters scheduled during the affected time frames.  Since the Court entered its order November 2, 2015, counsels' calendars have also changed, including pending trial dates.  Plaintiffs' counsel has a trial date in an action it has been litigating on behalf of 12 clients since 2007, where phase I (liability) has already begun and phase II (damages) will commence February 22, 2016.  Plaintiffs' counsel has another trial in a separate action set to begin on March 21, 2016, and has been and will continue to be

occupied by pre-trial requirements in those actions.

By this joint stipulation, the parties respectfully request that the Court continue the present case management dates for approximately six weeks or less as follows:

| Event | Present Deadlines | New Deadlines (Proposed) |
|---|---|---|
| Fact discovery cutoff (for class certification motion) | February 8, 2016 | March 16, 2016 |
| Expert designation for class certification | February 15, 2016 | March 18, 2016 |
| Rebuttal expert designation for class certification | February 29, 2016 | April 1, 2016 |
| Expert discovery cutoff for class certification | March 11, 2016 | April 11, 2016 |
| Deadline(s) for filing discovery motions | *See* Civil L.R. 37-3 | *See* Civil L.R. 37-3 |
| Mediation completion deadline | April 4, 2016 | Within 60 days of a ruling on class certification |
| Last day for plaintiffs to file motion for class certification | April 11, 2016 | April 25, 2016 |
| Defendant's opposition to class certification due | no prior date | May 23, 2016 |
| Plaintiffs' reply in support of class certification due | no prior date | June 6, 2016 |
| Hearing on class certification | no prior date | June 13, 2016 |

| Event | Present Deadlines | New Deadlines (Proposed) |
|---|---|---|
| Fact discovery cutoff if class is certified | June 6, 2016 | July 8, 2016 |
| Designation of experts if class is certified | June 13, 2016 | July 15, 2016 |
| Designation of rebuttal experts if class is certified | June 27, 2016 | July 22, 2016 |
| Expert discovery cutoff if class is certified | July 8, 2016 | August 5, 2016 |
| Deadline for filing discovery motions if class is certified | July 11, 2016 | August 8, 2016 |
| Deadline for filing dispositive motions | August 1, 2016 | August 15, 2016 |
| Pre-trial conference | September 12, 2016 at 11:00 a.m. | September 12, 2016 at 11:00 a.m |
| Jury Trial | September 27, 2016, 11:00 a.m. | September 27, 2016, 11:00 a.m. |

JOINT STIPULATION AND REQUEST FOR CASE MANAGEMENT DATES

The parties respectfully request that the Court set continued case management dates in this action in accordance with the above proposed amended Case Management Schedule. This request does not seek to continue the existing pre-trial conference or jury trial dates in this action, and only addresses continued dates for the discovery, motion filing, and other requirements that must be satisfied in advance of plaintiffs' motion for class certification and trial. The parties therefore stipulate and request as follows.

1. The Court set case management dates at the outset of this litigation, which have been amended only once following the parties' first stipulation (Docket No. 45)

by entering an Order dated November 2, 2015.  (Docket No. 46).  The parties hereby respectfully seek to continue these dates for the reasons set forth herein.

2.     The parties have been diligently conducting discovery and meeting and conferring to avoid discovery motion practice and the parties agree that as of the date of this stipulation they have resolved all outstanding discovery disputes issues, except the responses by plaintiff Casey to defendants' document requests and the format of plaintiff Casey's emails previously provided by defendant.  The parties agree that they will work cooperatively to resolve these disputes and will also work together to ensure that any discovery regarding plaintiff's anticipated motion for class certification will be served and responded to before the close of the newly proposed fact discovery cut-off.  But for any discovery described in this stipulation, no other discovery will be served in this action prior to class certification briefing.

3.     Defendants have produced a substantial number of documents and data.  There are remaining documents which have yet to be produced by both parties but all such documents will be produced no later than March 1, 2016.

4.     To reduce the discovery burden on both parties, they have agreed to focus discovery on a one third sample of class members selected by plaintiffs' counsel.  The parties agree that the payroll and appointment data, internal complaints concerning the same type of claims as asserted in this action, and mileage reimbursement reports are representative of this information for all putative class members.  Defendants have not yet reviewed the requested commission reports but will inform plaintiff by February 9, 2016 whether it will agree that the produced reports are also representative of the class.  If defendants do not stipulate that the sample of commission reports is representative, defendants will produce these reports for the entire class.

5.     Given the high volume of discovery exchanged, a number of depositions remain for both parties.  Defendants have noticed depositions for plaintiffs Rogers and Casey.  Plaintiffs will provide proposed dates for these two depositions by February 2, 2016 and both these depositions will take place before any Rule 30(b)(6) depositions.

JOINT STIPULATION AND REQUEST FOR CONTINUED CASE MANAGEMENT DATES

1    Plaintiffs have also noticed the Rule 30(b)(6) deposition of defendant Home Depot,
2    and the parties agree that plaintiff will depose an agreed upon number of the Home
3    Depot employees from whom defendants have received declarations.  These
4    depositions will be conducted at an agreed upon time and location before the new,
5    proposed discovery cut-off date.  Plaintiffs will cooperate with defendants in
6    scheduling depositions of witnesses who may submit declarations in support of
7    plaintiff's class motion.  These depositions will be scheduled during the two weeks
8    after the filing of plaintiff's class motion.

9          6.    On January 15, 2016, plaintiff served a deposition notice on defendant
10   Home Depot under Rule 30(b)(6), identifying 104 topics.  Plaintiffs will revise their
11   Rule 30(b)(6) notice to significantly reduce the total number of topics.

12         7.    The parties stipulate and agree that either party may take the depositions
13   of any trial witness identified by the other party, notwithstanding discovery deadlines,
14   provided the witness has not previously had his or her deposition taken in this action.

15         8.    Defendants agree not to oppose class treatment on numerosity grounds.

16         9.    Since the submission of the parties' first stipulation to continue the case
17   management dates in October 2015, counsels' calendars have changed.  These include
18   pending trial dates.  Plaintiffs' counsel has a February 22, 2016 trial date in an action it
19   has been litigating on behalf of 12 clients since 2007.  *Guillory, et al. v Hill, Orange*
20   *County Superior Court,* No. 30-2008-00212410.  Counsel has already started phase I
21   (liability) of the trial in *Guillory* and resumes with phase II (damages) on February 22,
22   2016.  The trial preparation and completion of the parties' pre-trial requirements in
23   *Guillory* since that time have made it clear that the trial will go forward on February
24   22, 2016 and will be hotly contested by the parties.  When the *Guillory* trial completes,
25   plaintiffs' counsel also has another trial in a second action set to commence on March
26   21, 2016.

27         10.   The parties respectfully request that the Court continue the presently set
28   case management dates as specified above.

JOINT STIPULATION AND REQUEST FOR CONTINUED CASE MANAGEMENT DATES

11.     The parties hereby stipulate and respectfully request that the Court enter the concurrently filed [Proposed] Order adopting the parties' proposed amended Case Management Schedule for taking this potential class action through trial.


Dated:  January 29, 2016                    QUINTILONE & ASSOCIATES


                                      By: */S/ Richard E. Quintilone, II*
                                            RICHARD E. QUINTILONE II,
                                            ALVIN B. LINDSAY
                                            Attorneys for plaintiffs BRIAN ROGERS
                                            and AMY CASEY individually and on
                                            behalf of all employees similarly situated


Dated:  January 29, 2016          AKIN GUMP STRAUSS HAUER & FELD LLP


                                      By: */S/ Donna M. Mezias*
                                            DONNA M. MEZIAS
                                            LIZ BERTKO
                                            Attorneys for defendants

JOINT STIPULATION AND REQUEST FOR CONTINUED CASE MANAGEMENT DATES

# PROOF OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years, and not a party to the within action.  I am an employee of or agent for Quintilone & Associates, whose business address is 22974 El Toro Rd., Suite 100, Lake Forest, CA 92630-4961.

On **January 29, 2016**, I served the foregoing document(s):

## JOINT STIPULATION AND REQUEST FOR CONTINUED CASE MANGEMENT DATES

on the following parties in this action addressed as follows:

## SEE ATTACHED SERVICE LIST

_____   *(BY MAIL)* I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Lake Forest, California.  I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day.  I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.

_____   *(BY PERSONAL SERVICE)* I delivered each such document by hand to each addressee above.

_____   *(BY OVERNIGHT DELIVERY)* I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express or Overnight Express.  I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of Quintilone & Associates' business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or Overnight Express or delivered to a courier or driver authorized by Federal Express or Overnight Express to receive documents on the same date it is placed at Quintilone & Associates for collection.

_____   *(BY FACSIMILE)* By use of facsimile machine number 949.458.9679, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

___*X*__   *(BY E-MAIL)* I caused a true and correct copy of each document to be delivered by Electronic Mail through the Court's ECF System.

Executed on **January 29, 2016** at Lake Forest, California.

___X____   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
ALVIN B. LINDSAY

-1-
PROOF OF SERVICE

<div align="center">

**<u>SERVICE LIST</u>**

</div>

1

2

3    Joel Cohn, Esq.                          Attorneys for Defendants
     Donna M. Mezias Esq.                     .
     Ashley Keapproth, Esq.
4    Liz K. Bertko Esq.
5    Akin Gump Strauss Hauer & Feld LLP
     580 California Street, Suite 1500
6    San Francisco, CA 94104
     Telephone: 415.765.9500
7    Facsimilie: 415.765.9501
8    jcohn@akingump.com
     dmezias@akingump.com
9    akeapproth@aikingum.com
     lbertko@akingump.com
10

11

12   Daren H. Lipinski Esq.                   Co-Counsel for Plaintiffs and Class
     Brown & Lipinski
13   5811 Pine Avenue, Suite A
14   Chino Hlls, California 91709
     Tel (909) 597-2445
15   Fax (909) 597-6199
16   Email dlipinsky@aol.com

17

18   **Q&A Case No.: 14.01174**

19

20

21

22

23

24

25

26

27

28

<div align="center">

-2-
PROOF OF SERVICE

</div>