RICHARD E. QUINTILONE II (SBN 200995)
ALVIN B. LINDSAY (SBN 220236)
**QUINTILONE & ASSOCIATES**
22974 EL TORO ROAD SUITE 100
LAKE FOREST, CA 92630-4961
TELEPHONE NO. (949) 458-9675
FACSIMILE NO. (949) 458-9679
E-MAIL: REQ@QUINTLAW.COM; ABL@QUINTLAW.COM;

DAREN H. LIPINSKY, ESQ. (SBN 190955)
**BROWN & LIPINSKY, LLP**
5811 PINE AVENUE, SUITE A
CHINO HILLS, CA 91709
TELEPHONE NO. (909) 597-2445
FACSIMILE NO. (909) 597-6199
EMAIL DLIPINSKY@AOL.COM

Attorneys for Plaintiffs BRIAN ROGERS and AMY CASEY individually and on behalf of all employees similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ROGERS, an individual, and AMY CASEY, an individual, on behalf of themselves, and on behalf of all employees similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THD AT-HOME SERVICES, INC. dba HOME DEPOT, a Delaware Corporation; US REMODELERS dba HOME DEPOT INTERIORS, a Delaware Corporation; US HOME SYSTEMS. INC., an unknown corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | **Case No.: 5:14-cv-02069-JGB-SP**<br><br>**CLASS ACTION**<br><br>**Assigned for All Purposes To:**<br>Judge: Jesus G. Bernal<br>Dept.: Courtroom 1<br><br>**DECLARATION OF NAOMI BANDA IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:       June 13, 2016<br>Time:      9:00 a.m.<br>Courtroom:  1<br><br>Complaint Filed: July 14, 2014 |

-0-
DECLARATION OF NAOMI BANDA IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

# DECLARATION OF NAOMI BANDA

I, Naomi Banda, hereby declare as follows:

1. I have personal knowledge of the facts set forth herein, and if called upon to testify regarding them, I could and would do so competently under oath.

2. I am a former employee of Defendant THD AT-HOME SERVICES, INC. dba HOME DEPOT ("Home Depot"), US REMODELERS dba HOME DEPOT INTERIORS ("US Remodelers"), and US HOME SYSTEMS. INC. ("US Home Systems") (collectively "Defendants"). I am a potential member of the putative Class member in this action. I submit this Declaration in support of the motion for Class Certification filed by Plaintiffs Brian Rogers and Amy Casey (collectively "Plaintiffs").

3. In February of 2011, I applied and was hired as a sales consultant for US Remodelers. I remained in this position until I resigned in November of 2011. As an employee of US Remodelers, I worked within the state of California for approximately 9 months.

4. During my time at The Home Depot, I was never told that I was an "exempt" employee and therefore was not entitled to overtime compensation.

5. While employed at The Home Depot, I worked six (6) days per week usually working eight (8) or more hours per day.

6. In a typical week, I would often be forced to work approximately sixty (60) hours a week.

7. On the days where I would work over eight (8) hours, The Home Depot would not provide me with overtime compensation.

8. On the weeks where I would work over forty (40) hours, The Home Depot would not provide me with overtime compensation.

9. As a sales associate, I did not receive a base salary. My understanding from the Compensation Plan was that Sales Consultants earn commissions after the Contract Price is established, not after the recast. Further,

-1-

DECLARATION OF NOMI BANDA IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

my understanding was that my sales commissions, referred to as "sales commission rate bonuses" (or "SCRB's"), were to be determined at the time of the sale commission is earned when the Contract Price is set. In reality, I believe that I was docked commission on every sale I did. My employers either failed to pay commission wages owed or failed to pay all commissions in the correct amount earned.

10.     Due to the fact that I was constantly moving between appointments, I was required to use my personal cell phone to receive instructions about potential consultations. I was never reimbursed nor given the option to apply for reimbursement, for my cell phone or my data usage.

11.     Though the Compensation Plan provided that sales associates would be reimbursed for "use of their vehicles while on authorized business of the Company at the Internal Revenue Service suggested rate per mile," I was not paid all mileage for driving to appointments. I was also deducted mileage reimbursement for the first 20 miles I drove each day. The amount owed was approximately 20 miles a day, at 6 days a week, 120 miles at .565¢/ mile that is $67.80 / week.

12.     As a sales consultant, I drove around 1,600 miles per month and was not compensated for general wear and tear on my vehicle while reporting to my scheduled appointments.

13.     Furthermore, the Compensation Plan provided that sales associates were to be reimbursed for actual miles driven between their homes and customer homes for the first trip of the day, "less the 'regular commute' miles."

14.     My understanding of the Compensation Plan was that the "regular commute miles were determined by taking the distance between the sales associate's home and the branch, up to a maximum of twenty (20) miles. For example, if a sales associate lives 10 miles from the branch, then the regular commute is ten (10) miles and all miles after the first 10 will be reimbursed. Conversely, if the sales associate lives thirty (30) miles from the branch, the regular commute are set at twenty (20) miles and all miles driven after the first twenty (20) will be reimbursed." While

1 working in California, I lived approximately thirty-five (30) miles away from my
2 branch.
3     15. During my employment with The Home Depot I was not reimbursed for
4 all miles driven while performing my job duties.
5     16. At the end of my employment with The Home Depot, I received my final
6 pay a week after my last day.
7     17. After I separated from The Home Depot I was not paid my last
8 commission check until a week later because The Home Depot stated the sale was
9 cancelled even when it was not.
10     I declare under penalty of perjury under the laws of the United States of America
11 that the foregoing is true and correct and that this Declaration was executed on **April
12 25, 2016 in Concord, California.**

*[Signature: Naomi Banda]*

Naomi Banda

-3-

# PROOF OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years, and not a party to the within action. I am an employee of or agent for Quintilone & Associates, whose business address is 22974 El Toro Rd., Suite 100, Lake Forest, CA 92630-4961.

On **April 25, 2016**, I served the foregoing document(s):

**DECLARATION OF NAOMI BANDA IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

on the following parties in this action addressed as follows:

## SEE ATTACHED SERVICE LIST

_____ **(BY MAIL)** I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Lake Forest, California. I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day. I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.

_____ **(BY PERSONAL SERVICE)** I delivered each such document by hand to each addressee above.

_____ **(BY OVERNIGHT DELIVERY)** I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express or Overnight Express. I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of Quintilone & Associates' business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or Overnight Express or delivered to a courier or driver authorized by Federal Express or Overnight Express to receive documents on the same date it is placed at Quintilone & Associates for collection.

_____ **(BY FACSIMILE)** By use of facsimile machine number 949.458.9679, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

___X__ **(BY E-MAIL)** I caused a true and correct copy of each document to be delivered by Electronic Mail through the Court's ECF System.

Executed on **April 25, 2016** at Lake Forest, California.

___X____ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
ALVIN B. LINDSAY

## SERVICE LIST

| | |
|---|---|
| Joel Cohn, Esq.<br>Donna M. Mezias Esq.<br>Ashley Keapproth, Esq.<br>Liz K. Bertko Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>580 California Street, Suite 1500<br>San Francisco, CA 94104<br>Telephone: 415.765.9500<br>Facsimilie: 415.765.9501<br>jcohn@akingump.com<br>dmezias@akingump.com<br>akeapproth@aikingum.com<br>lbertko@akingump.com | Attorneys for Defendants<br>. |
| Daren H. Lipinski Esq.<br>Brown & Lipinski<br>5811 Pine Avenue, Suite A<br>Chino Hlls, California 91709<br>Tel (909) 597-2445<br>Fax (909) 597-6199<br>Email dlipinsky@aol.com | Co-Counsel for Plaintiffs and Class |

**Q&A Case No.: 14.01174**