RICHARD E. QUINTILONE II (SBN 200995)
ALVIN B. LINDSAY (SBN 220236)
**QUINTILONE & ASSOCIATES**
22974 EL TORO ROAD SUITE 100
LAKE FOREST, CA 92630-4961
TELEPHONE NO. (949) 458-9675
FACSIMILE NO. (949) 458-9679
E-MAIL: REQ@QUINTLAW.COM; ABL@QUINTLAW.COM

DAREN H. LIPINSKY, ESQ. (SBN 190955)
**BROWN & LIPINSKY, LLP**
5811 PINE AVENUE, SUITE A
CHINO HILLS, CA 91709
TELEPHONE NO. (909) 597-2445
FACSIMILE NO. (909) 597-6199
EMAIL DLIPINSKY@AOL.COM

Attorneys for Plaintiff AMY CASEY individually and all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ROGERS, an individual, and AMY CASEY, an individual, on behalf of themselves, and on behalf of all employees similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THD AT-HOME SERVICES, INC. dba HOME DEPOT, a Delaware Corporation; US REMODELERS dba HOME DEPOT INTERIORS, a Delaware Corporation; US HOME SYSTEMS. INC., an unknown corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | **Case No.: 5:14-cv-02069-JGB-SP**<br><br>**CLASS ACTION**<br><br><u>Assigned for All Purposes To:</u><br>Judge: Jesus G. Bernal<br><br>**DECLARATION OF RICHARD E. QUINTILONE, II ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; REQUEST FOR JUDICIAL NOTICE**<br><br>[Filed concurrently with Notice of Motion; Memorandum; Plaintiffs' Declarations; Declarations of Putative Class Members; Declaration of Alvin B. Lindsay; [Proposed] Order]<br><br>Date:    June 11, 2016<br>Time:    9:00 a.m.<br>Courtroom:  1<br><br>Complaint Filed: July 14, 2014<br>Removed: October 6, 2014<br>Amended Complaint: January 29, 2015 |

---

-1-

DECLARATION OF RICHARD E. QUINTILONE, II IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR JUDICIAL NOTICE

## DECLARATION OF RICHARD E. QUINTILONE, II

I, Richard E. Quintilone, II, Esq., hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and the Principal of Quintilone & Associates, counsel for Plaintiffs, BRIAN ROGERS and AMY CASEY in this matter. I make this Declaration based on my own personal knowledge gained from representation of Plaintiffs since the inception of this matter and, if called upon to testify, I could and would competently do so.

2. I submit this Declaration in support of Plaintiff Amy Casey's Motion for Class Certification. On **July 14, 2014**, in our capacity as class counsel, we filed the original Class Action Complaint against Defendants THD AT-HOME SERVICES, INC. dba HOME DEPOT ("Home Depot"), US REMODELERS dba HOME DEPOT INTERIORS ("HDI"), and US HOME SYSTEMS. INC. ("US Home Systems") (collectively "Defendants" or "Home Depot") in the Superior Court of California, County of San Bernardino, Case No. CIVDS1410290. (Dkt. No. 1).

3. On **January 26, 2015**, following removal, we filed the operative First Amended Class Action Complaint in this action on behalf of Plaintiff and Class Representative Amy Casey and former named Plaintiff and Class Representative Brian Rogers alleging the following causes of action against Home Depot: (1) Failure to pay wages and related overtime; (2) Failure to pay commission wages; (3) Unlawful provision of compensation time; (4) Failure to provide meal periods; (5) Failure to provide rest periods; (6) Failure to provide itemized statements; (7) Failure to maintain accurate payroll records; (8) Failure to pay wages upon termination of employment; (9) Failure to reimburse lawful business expenses; (10) Unlawful competition and unlawful business practices; (11) Failure to comply with written request to inspect or copy records; and (12) Violation of Private Attorneys General Act.

4. Defendants filed a Motion to Compel Plaintiff Brian Rogers's claims to arbitration on **June 8, 2015**. (Dkt. No. 25). On **July 1, 2015**, the Court granted the motion and ordered Plaintiff Rogers's individual claims to arbitration and left his

PAGA claims with this Court. The class claims are going forward with Plaintiff Amy Casey as the named Plaintiff and Class Representative. In this Motion for Class Certification, Plaintiff seeks certification on behalf of a class of similarly situated sales consultants as follows: **"All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action [July 14, 2010] to the present, have worked as Sales Consultant employees."** Plaintiff moves to certify this Class based on the causes of action in the operative First Amended Class Action Complaint. The applicable proposed Plaintiff's Classes (or subclasses) correspond to COA's 1, 2, and 4 through 10 (see Doc. No. 16, First Amended Complaint, ¶¶ 35-133), are listed in the Notice of Motion and [Proposed] Order.

5. On **August 17, 2015**, Defendants filed a Motion for Partial Summary Judgment (Doc. No. 36) on the second cause of action for failure to pay commissions and ninth cause of action for failure to provide expense reimbursements. On **October 2, 2015**, the Court denied the motion, expressly finding that triable issues of fact existed as to whether the Compensation Plan was lawful and that the issues underlying Plaintiff's claim for failure to reimburse business expenses are factual in nature and do not rest purely on questions of law. (See Doc. No. 44).

6. We have conducted several depositions in the course of discovery thus far, including depositions of the parties, 4 Class Member Declarants, and the deposition of Plaintiff's Expert, Dr. David Lewin. On **April 13, 2016**, I conducted the Deposition of Home Depot's witness produced under Federal Rules of Civil Procedure Rule 30(b)(6) taken in Home Depot in Atlanta, Georgia. Defendants made two witnesses available. These witnesses were completely unprepared to testify. Counsel for the Defendants also objected and argued that the documents the FRCP 30(b)(6) witnesses reviewed in preparation of the Depositions were protected from disclosure under the attorney work product privilege. Attached to this Declaration at **Exhibit A** are true and correct copies of selected pages with excerpts from a copy of the transcript of the Deposition of

Patricia Olmsted ("Olmsted Depo."), the first witness. Attached to this Declaration at **Exhibit B** are true and correct copies of selected pages with excerpts from a copy of the transcript of the Deposition of Michael Madden ("Madden Depo."), the second witness.

7. Discovery received from Defendants has included 14 Declarations they solicited from employee Class Members, including 4 whom Plaintiff's counsel deposed.

8. On **March 10, 2016**, we conducted the Deposition of Class Member Nanette Rianda-Herr, and a true and correct copy of the selected pages with excerpts from a copy of the transcript of the Herr Deposition is attached to this Declaration at **Exhibit C**.

9. On **March 10, 2016**, we also conducted the Deposition of Class Member Petri N. Contino, and a true and correct copy of the selected pages with excerpts from a copy of the transcript of the Contino Deposition is attached to this Declaration at **Exhibit D**.

10. On **March 16, 2016**, we conducted the Deposition of Class Member Roger Lo, and a true and correct copy of the selected pages with excerpts from a copy of the transcript of the Lo Deposition is attached to this Declaration at **Exhibit E**.

11. On **March 17, 2017**, we conducted the Deposition of Class Member Tafe Boyd, and a true and correct copy of the selected pages with excerpts from a copy of the transcript of the Boyd Deposition is attached to this Declaration at **Exhibit F**.

12. Defendant Home Depot is the well-recognized national retailer and service provider for home related products and services. Home Depot purchased U.S. Remodelers in October of 2012, and U.S. Remodelers began doing business as HDI. Home Depot and HDI are joint employers of the Class Members since that time. On **March 3, 2015,** Plaintiffs served a full set of written discovery requests on Defendant Home Depot, including Requests for Production, Interrogatories, and Requests for Admission. Plaintiffs also served a similar set of written discovery requests on **March 4, 2015** on Defendants US Remodelers and US Home Systems. On **October 9, 2015**, Plaintiff Casey then served a set of Requests for Admission on Home Depot.

13. On **June 5, 2015**, following extensions we granted at Defendants' counsel's request, Defendant Home Depot served its responses which were largely blanket objections. On **November 11, 2015**, Home Depot served its Response to Plaintiff Casey's Requests for Admission. A true and correct copy of this Response document is attached to this Declaration at **Exhibit G**. A true and correct copy of Home Depot's Response to Plaintiff's Special Interrogatories dated November 11, 2015 are attached to this Declaration at **Exhibit H**.

14. The parties agreed to and sent a *Belaire-West* opt-out contact information notice to the Class Members early in this action, and the resultant Class list contained 529 names with contact information. After extensive meet and confer sessions and correspondence were exchanged by the parties' counsel, and in an effort to compromise on the volume of discovery, the parties agreed to Defendants' production of a 1/3 sampling of payroll and appointment data, internal complaints concerning the same type of claims as asserted in this action, and mileage reimbursement reports. The sales appointment data spreadsheet for the sampled Class Members file produced by Defendant includes such information as a listing of all leads provided to each employee, the date, the city location, and the result of the appointment. Additionally, on **April 25, 2016**, after the close of fact discovery for certification and on the day of this Motion filing, Defendants served another Class Member Declaration [Tom McKee], dated **September 8, 2015** which their counsel claims to have "inadvertently" forgotten to product earlier. Consistent with the Motion for Summary Judgment, Defendants are not being forthright with their discovery obligations.

15. The parties have also disclosed experts and exchanged reports in accordance with the Scheduling Order. Plaintiff's Expert is Dr. David Lewin, and a true and correct copy of the Expert Report of David Lewin, Ph.D., dated **March 18, 2016**, is attached to this Declaration at **Exhibit I**. Dr. Lewin was also deposed by Defendant's counsel regarding his Report on **April 18, 2016**.

16. Attached at **Exhibit J** to this Declaration is a true and correct copy of a document produced by Plaintiff to Defendant in discovery in this action at Casey 000543-000552, signed by Plaintiff on **May 8, 2013** and entitled California Sales Associate Compensation Plan. Deposition testimony from Defendants' witnesses establishes that this is the Compensation Plan that was applicable to Plaintiff and the other Class Members during the liability period.

17. The Court is also requested to take Judicial Notice of the California Department of Industrial Relations, Division of Labor Standard Enforcement ("DLSE") opinion letters attached hereto pursuant to Federal Rules of Evidence, Rule 201(b) and Rule 201(d). Plaintiff respectfully request that the Court take Judicial Notice of the following exhibits, true and correct copies which are attached, in Support of Plaintiffs' Motion for Class Certification. This Court may consider the DLSE is established. Although Defendants will argue otherwise, the Supreme Court of California reaffirmed the principal that DLSE opinion letters are "entitled to consideration and respect" in *Murphy v. Kenneth Cole Productions, Inc.,* 40 Cal.4th 1094, 1106 (2007). However, it is ultimately for the judiciary to interpret this statute. *Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 7–8. Attached hereto as Attached to this Declaration at **Exhibit K** is a copy of the Department of Labor Standards Enforcement ("DLSE") Opinion Letter, dated **September 8, 1998**, entitled Applicability of Outside Sales Exemption to Salesperson Who Sell Tract Homes While Based in a Model Horne or Trailer specific to the issue of whether working at a home office qualifies as time spent in outside sales – it does not. Plaintiff respectfully request that the Court grant judicial notice of this document.

18. Attached to this Declaration at **Exhibit L** is a copy of the DLSE Opinion Letter, dated **January 9, 1999** and entitled Payment of Commissions upon Termination of Employment. Plaintiff respectfully request that the Court grant judicial notice of this document.

19. Attached at **Exhibit M** to this Declaration is a true and correct copy of a document produced by Defendants to Plaintiff in discovery in this action at Casey HD-ROGERS-0000906-0000916 entitled "Store Connectivity." It is undated. Defendants'

witnesses addressed this document in deposition, and Dr. Lewin reviewed it for his Expert Report. Defendants have designated it as Confidential, and Plaintiff will therefore file it in accordance with Local Rule 79-5.

20. Attached at **Exhibit N** to this Declaration is a true and correct copy of selected pages from a document produced by Defendants to Plaintiff in discovery in this action at Casey HD-ROGERS-0000684-0000827, entitled HDI On-boarding for Sales Consultants – Participant Guide, and dated December of 2013. There is also a Leader's Guide version of this guide, with additional notes for managers. Defendants' witnesses addressed this document in deposition, and Dr. Lewin reviewed it for his Expert Report. Defendants have designated it as Confidential, and Plaintiff will therefore file it in accordance with Local Rule 79-5.

21. Attached at **Exhibit O** to this Declaration is a true and correct copy of selected pages from a document produced by Defendants to Plaintiff in discovery in this action at Casey HD-ROGERS-0000901-0000905, entitled Home Depot Interiors – Sales Consultant Time In Stores, also "Playbook". It is undated. Defendants' witnesses addressed this document in deposition, and Dr. Lewin relied upon it and cited to it for his Expert Report. Defendants have designated it as Confidential, and Plaintiff will therefore file it in accordance with Local Rule 79-5.

## **FRCP RULE 23(g) – CLASS COUNSEL BACKGROUND AND EXPERIENCE**

22. I graduated from Old Dominion University in 1995 and received my law degree from the Chapman University School of Law in 1998. I was admitted to the California bar in 1999. Prior to forming Quintilone and Associates, I worked with the national labor and employment defense firm of Fisher & Phillips and with some of southern California's preeminent trial lawyers at Horton, Barbaro & Reilly. Afterwards, I was an associate with the insurance defense firm of Hollins Schechter working with large multi-party cases in their construction defect, environmental and employment practice areas. I am currently a member of the Orange County Bar Association, Los Angeles County Bar Association, Orange County Employment

DECLARATION OF RICHARD E. QUINTILONE, II IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR JUDICIAL NOTICE

1  Lawyers Association and Orange County Trial Lawyers as well as the California
2  Consumer Attorneys and both the National and California Employment Law Attorneys
3  Associations.

4  23. For the last sixteen years I have worked on primarily complex business
5  and class action employee and consumer based litigation. I have had numerous
6  contested class action cases certified and have also successfully obtained a published
7  decision. I have started over twenty-one cases in trial, with most settling after opening
8  statement or during the proceedings. I have tried six cases to verdict with a jury. I
9  conducted a class action trial with a jury empanelled that settled during trial. I
10 regularly appear in trial Courts across the state as well as this Court and I am
11 experienced and qualified to evaluate the Class claims, to evaluate settlement versus
12 trial on a fully informed basis and to evaluate the viability of the defenses. I have
13 cumulatively been named Class Counsel in over forty-five class actions and have
14 negotiated many wage and hour class action settlements, including many involving the
15 same issues presented here. I genuinely enjoy what I do as an attorney. Some of our
16 successes include:

17 A. <u>Defendant Champps Restaurant.</u> Back in 2005, Plaintiffs filed a
18 Complaint against Champps Operating Corporation, Champps Americana Restaurant &
19 Bar and Champps Restaurant and Bar, a single location restaurant, on behalf of
20 themselves and other similarly situated employees. The complaint contained causes of
21 action for failure to pay overtime compensation, unlawful business practices, failure to
22 provide meal periods, failure to provide rest periods, failure to provide itemized wage
23 statements, failure to pay wages upon termination of employment, failure to pay
24 minimum wages. (violations of <u>Labor Code</u> sections 1194, 226.7, 512, 203 as well as
25 California Business & Professions Code section 17200). After vigorous litigation,
26 Quintilone & Associates was able to resolve the claims for the class.

27 B. <u>Miller v. Ruth Chris Steak House</u>. Orange County ("OC") California
28 Superior Court – Civil Complex Center. This class action asserted claims for unpaid

-8-
DECLARATION OF RICHARD E. QUINTILONE, II IN SUPPORT OF PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION AND REQUEST FOR JUDICIAL NOTICE

overtime, meal and rest break case (as well as other related allegations). Class Certification granted and claim resolved in 2006 for $1,625,000. More than 800 employee class members.

  C. <u>Poirot v. Champps</u>. OC Superior Court – Civil Complex Center. This Class Action asserted claims for unpaid overtime, meal and rest break case (as well as other related allegations) violations. Class certification was approved in June 2007. 752 employee class members.

  D. <u>Defendant XYZ Restaurant Chain</u> (Confidential Defendant) $1,400,000 2007: Plaintiffs filed Complaints against a chain of seafood restaurants on behalf of themselves and a purported class of similarly situated employees. The Complaints claimed failure to provide meal periods, rest periods and overtime compensation to front and back of house non-exempt employees in accordance with the California <u>Labor Code</u>, waiting time penalties under California Law, failure to provide accurate wage statements, and unlawful provisions of compensatory time violation of <u>Business and Professions Code</u> section 17200.

  E. <u>Kareotes v. GMAC. (Ditech.com)</u> OC Superior Court – Civil Complex Center. This class action asserted claims for unpaid overtime, unpaid commissions, meal and rest break case (as well as other related allegations). More than 90 employee class members. Class Certification granted May 2008.

  F. <u>Huggett v. Red Robin</u>. United States District Court ("USDC") in the Central District of California. This Class Action asserted claims for unpaid overtime, meal and rest break case (as well as other related allegations). Class Certification was granted on **July 30, 2008**. More than 3,700 employee class members.

  G. <u>Cosic v. Lonestar Steakhouse & Saloon</u> OC Superior Court – Civil Complex Center. This class action asserted claims for unpaid overtime, meal and rest break violations and derivative claims. More than 1,637 hourly employees Certification granted **March 23, 2009**.

-9-
DECLARATION OF RICHARD E. QUINTILONE, II IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR JUDICIAL NOTICE

H. <u>Jackson v. Tharaldson Lodging.</u> USDC Central District California. Lead counsel in a wage & hour class action that asserted claims for unpaid overtime, off the clock work, meal and rest break violations (as well as other related allegations) Approximately 2,000 employee class members. Certification granted **September 30, 2009**.

I. <u>Bracamonte v. May Company</u>. OC Superior Court – Civil Complex Center. Lead counsel in this contested and certified class action asserted claims for waiting time penalties with multiple writs and appeals. Class Certification granted **December 1, 2009**. 863 employee class members.

J. <u>Johanson v. Home Loan Center aka Lending Tree</u>. OC Superior Court – Civil Complex Center. This class action asserted claims for unpaid overtime, meal and rest break case (as well as other related allegations) violations. Class certification was approved in December 2008 for a settlement of $2,500,000. More than 1,800 employee class members.

K. <u>Estevez v. Fox Sports Grill</u>. OC Superior Court – Civil Complex Center. This class action asserted claims for unpaid overtime, meal and rest break violations and derivative claims. More than 500 hourly employees Certification granted 2010.

L. <u>Bordier v. AT&T</u>. LASC. Lead counsel in a wage & hour class action focusing expense reimbursement and other related claims. Used joint statistical and survey evidence. Class Certification granted May 18, 2010.

M. <u>Wu v. Bank of America</u>. Los Angeles Superior Court ("LASC"). Wage & hour class action focusing expense reimbursement and other related claims. Used joint statistical and survey evidence. Over 2,300 class members. Class Certification granted **September 3, 2010**. After considerable efforts by counsel and the class representatives, Bank of America agreed to settle the matter for $16.65 million.

N. <u>Le-Nguyen Lewis v. Aramark</u>. USDC Central District California. Counsel in a wage & hour class action that asserted claims for unpaid overtime, off the

-10-
DECLARATION OF RICHARD E. QUINTILONE, II IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR JUDICIAL NOTICE

clock work, meal and rest break violations (as well as other related allegations) Approximately 23,000 employee class members. Certification granted **October 13, 2010.**

O. <u>Rivero v. Schaefer Ambulance</u>. Los Angeles Superior Court ("LASC"). Lead counsel in a wage & hour class action seeking overtime, off the clock work, meal and rest period pay and expense reimbursement. Class Certification granted November 2010. Over 850 class members.

P. <u>Negrete v. Parker Hannifin</u>. OC Superior Court – Civil Complex Center. Lead counsel in this class action asserted claims for unpaid overtime, meal and rest break case (as well as other related allegations) violations. Class certification approved in May 2011 for more than $3.2 Million. More than 4,000 employee class members.

Q. <u>Farfan v. UDR</u>. OC Superior Court – Civil Complex Center. This class action asserted claims for unpaid overtime, meal and rest break violations and derivative claims. More than 800 hourly employees Certification granted **August 12, 2011**.

R. <u>Hernandez v. Norm Reeves Acura</u>. OC Superior Court – Civil Complex Center. This class action asserted claims for unpaid overtime, meal and rest break violations and derivative claims. More than 170 hourly employees Certification granted **August 11, 2011**.

S. <u>Le v. Hyundai Motor America</u>. OC Superior Court – Civil Complex Center. Lead counsel for wage and hour class action. Final approval granted on **September 7, 2011**.

T. <u>Nguyen v. Sperian Honeywell</u>. OC Superior Court – Civil Complex Center. Lead Counsel in a wage and hour class action. Final Approval granted on **June 18, 2012**. 239 class members benefited by the settlement.

U. <u>In re BCBG Wage & Hour Cases</u>. OC Superior Court – Civil Complex Center. Co-lead counsel. This class action asserted claims for unpaid

overtime, meal and rest break case (as well as other related allegations) violations. Class certification approved summer 2012. More than 5,000 employee class members.

    V.    In re AutoZone Cases. USDC Northern District California, MDL action. Counsel on a contested certification motion with certification granted **December 21, 2012**. This class action asserts claims for unpaid overtime, meal and rest break case (as well as other related allegations) More than 20,000 employee class members.

    W.    Micciche v. Schneider Electric, USDC Central District California. Lead counsel in this certified class action asserted claims for overtime, off the clock work, meal and rest break violations as well as derivate claims for waiting time penalties. Class Certification granted on **January 9, 2013**. Over 260 employee class members benefitted.

    X.    Skifstrom v. Americare. LASC. Wage and hour class action focusing on meal and rest period claims and unpaid overtime. Final Approval granted on **February 25, 2013**.

    Y.    Cerami v. MetLife Bank – USDC Central District California. Class Counsel for a wage and hour class action focusing on unpaid wages and overtime. Motion for Final approval was granted on **February 4, 2013**.

    Z.    Wong v. Toni & Guy. OC Superior Court – Civil Complex Center. Lead counsel for wage and hour class action. Final approval granted on **April 16, 2013**. 195 class members benefitted.

    AA.    Nguyen v. Sechrist. USDC Central District California. Lead counsel in a wage & hour class action that asserted claims for unpaid overtime, off the clock work, meal and rest break violations as well as other derivative claims. Approximately 65 employee class members. Certification granted **July 3, 2013**.

    BB.    Nguyen v. Phillips Electronics. USDC Central District California. Lead counsel in this certified class action asserted claims for overtime, off the clock work, meal and rest break violations as well as derivate claims for waiting time penalties. Class Certification granted on **October 29, 2013**. 900 employee class

members benefitted.

CC. Kieu v. Mag Instrument, Inc. County of San Bernardino, Rancho Cucamonga Court. Wage and hour class action focusing on unpaid wages and unpaid overtime wages. Final approval granted on **December 17, 2013**. Over 1,000 class members were benefitted by the settlement.

DD. Ma v. Covidien. USDC Central District California. Lead counsel in a wage & hour class action that asserted claims for unpaid overtime, off the clock work, meal and rest break violations as well as other derivative claims. Approximately 974 employee class members. Certification granted **June 3, 2014**.

EE. Felix v. AAA. OC Superior Court – Civil Complex Center. Co-lead counsel in this contested and certified class action that proceeded to a jury trial and asserted claims for unpaid overtime, off the clock work, meal and rest period violations, waiting time penalties and other derivative claims with removal, remand, multiple writs and appeals. Class Certification granted **February 9, 2012**, Trial June 2013, Final Approval **January 27, 2015**. Over 2,200 employee class members benefitted.

FF. Alcaraz v. San Bernardino. San Bernardino Superior Court. In a rare case of a class action brought against a Government entity for Labor Code violations for failure to reimburse necessary school supplies and expenses under Labor Code section 2802 as well as a breach of written employment contract. Final Approval granted **September 22, 2015**. Over 385 employee class members benefited.

GG. Burson v. Best Western. Santa Cruz Superior Court, Civil Division. Wage and hour class action focusing on unpaid wages and unpaid overtime wages. Final approval granted on **September 10, 2015**. Over **180** class members were benefitted by the settlement.

HH. Rubio v. Rialto Concrete. San Bernardino Superior Court. Wage and hour class action focusing on unpaid wages, second meal periods, expense reimbursement and unpaid overtime wages. Final approval granted on **September 10, 2015**. Over 324 class members were benefitted by the settlement.

DECLARATION OF RICHARD E. QUINTILONE, II IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR JUDICIAL NOTICE

23. I do not believe I have any conflicts of interest with the Class or with the Class Representatives. I am not related to any representative Plaintiff. I have not previously represented Defendant in any matter. I respectfully submit that I and Quintilone & Associates are well-suited to act as Class Counsel in this action, and we will continue to vigorously represent the interests of the class.

24. My participation in these cases has included extensive preparation, development of a thorough knowledge of the legal issues related to certification and liability, and full immersion and participation in the mediation and negotiation process. I am therefore experienced in the type of class action litigation involving violations of California's wage and hour laws which is the subject of this action.

25. As a result of my prior experience as Class Counsel in other wage and hour class actions, I am fully aware of the responsibilities I would owe as Class Counsel to the proposed class ("Class") in this action. I have thoroughly investigated the Class claims asserted in this action, and I am prepared to commit the resources necessary to represent the proposed Class and vigorously pursue their claims. Finally, I am not aware of any conflict of interest between myself, on the one hand, and Plaintiffs or any other Class Member, on the other hand, which would interfere with my duties as Class Counsel or impede my representation of the proposed Class.

## TRIAL PLAN AND TRIAL METHODOLOGY

26. Plaintiff's proposed Trial Methodology Statement envisions trial in potentially three phases:

A. <u>Phase I Liability pursuant to Rule 23(c)(4) and the UCL</u> as to the proposed Legal Issues on Liability Question One: – Do the Class Members qualify as exempt outside salespersons. Liability Question Two: - Have Defendants uniform policies and practices led the Class Members to spend more than 50% of their total work time performing non-exempt work. Liability Question Three: - Have Defendants' uniform policies and practices resulted in failure to pay Class Members all commission wages owed. Liability Question Four: - Have Defendants' uniform

-14-
DECLARATION OF RICHARD E. QUINTILONE, II IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR JUDICIAL NOTICE

policies and practice resulted in failure to reimburse Plaintiff and the Class Members for all necessary business expenses they incurred in performing their job duties. Liability Question Five: - Have Defendants' uniform policies and practices resulted in failure to reimburse the Class Members' for all mileage reimbursement to which they are entitled. Liability Question Six: - Have Defendants' uniform policies and practices lead to failure to reimburse for all cellular and personal communications device expenses they incurred in performing their job duties.  Liability Question Seven: - Have Defendants' uniform policies and practices lead to failure to reimburse the Class Members for necessary office supplies, business cards, tuition, and marketing materials they had to pay for to perform their job duties.  Liability Question Eight: - Have Defendants' uniform policies and practices lead to failure to issue accurate wage statements showing all wages owed, including commissions. Liability Question Nine: - Have Defendants' uniform policies and practices resulted in a failure to pay all wages owed to employees who were terminated or separated from employment. Liability Question Ten: - Have Defendants' uniform policies and practices lead to failure to provide Class Members with meal periods and rest breaks, or one hour of regular wages in lieu thereof.  In the event Laibility Issues 1-10 are shown, by a preponderance of the evidence, to have violated California wage and hour laws.

  B. <u>Phase II Liability pursuant to Rule 23(b)(3)</u> would address any remaining factual questions unanswered by Phase I Liability, to be shown by corporate records, payroll records, expert testimony and representative evidence either by deposition sampling or random trial witnesses through a professionally developed standard question set.[1]

  C. <u>Phase III Damages and Restitution</u> would only occur to the extent class-wide liability for some or all subclasses were proven by a preponderance of the evidence through proposed methods. If Defendant successfully proves its

-15-

"commissioned sales" affirmative defense, legally (Rule 23(c)(4)) or factually (Rule 23(b)(3)) there is no Phase III. On the other hand, if some or all of the subclasses appear to show liability by a preponderance of the evidence, Phase III would be either (1) an expert presentation of *aggregate damages* owed to the class based on payroll data and other statistically reliable evidence, or (2) a claims process where Plaintiff would engage a Special Master to approve, adjust or deny claims based upon a reasonable methodology that is not too onerous to class members, but is also sufficiently protective of the interests of the Defendant so as to not overpay on liability.

27.  <u>Plaintiff's Proposed Trial Methodology is Fair and Manageable</u>

With the expertise of Dr. Lewin, Plaintiff's deposition sampling proposal, bifurcation, and scientific quantification of "in office" versus "out of office" time demonstrate not just manageability, but presents the Court with a way to try this case in approximately 2-3 weeks. Time could be shortened if Defendant agrees to Plaintiff's tentative proposals to consider waiving jury and/or seeking the Court to adjudicate the UCL claims first before legal claims. Plaintiff's proposed Trial Methodology is also dynamic because it allows Defendant to develop its own class evidence through experts and/or to confront individual issues that might arise in the proposed random pool deponents or live trial witnesses. Testimony will be summarized, coded and presented to the trier of fact through expert testimony.

28.  Other than calling the class representative, additional random or anecdotal witnesses live at trial, the deposition sampling method through preserved video could be offered through Deposition Designation process to streamline the trial, or at least Plaintiff's case-in-chief on Phase I Liability. The added benefits include no risk of problems associated with telephonic surveys or written questionnaires conducted without the formal setting, under oath, for deposition. The proposal contemplates protections and ground rules for absent class member deponents.

---

[1]  *See,* Plaintiff's Trial Methodology Statement

DECLARATION OF RICHARD E. QUINTILONE, II IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR JUDICIAL NOTICE

1 | Plaintiff's proposal also offers Defendants the ability to "piggy-back" on Plaintiff's
2 | methods to develop evidence to support exempt status. It is manageable because
3 | individualized issues are minimal. A proposed trial plan demonstrating the
4 | manageability of trying the action is attached hereto at **Exhibit P**.

5 |     I declare under penalty of perjury under the laws of the United States and the
6 | State of California that the foregoing is true and correct and that this Declaration was
7 | executed on **April 25, 2016.**

                                                          RICHARD E. QUINTILONE, II

DECLARATION OF RICHARD E. QUINTILONE, II IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR JUDICIAL NOTICE

**PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years, and not a party to the within action. I am an employee of or agent for Quintilone & Associates, whose business address is 22974 El Toro Rd., Suite 100, Lake Forest, CA 92630-4961.

On **April 25, 2016**, I served the foregoing document(s):

**DECLARATION OF RICHARD E. QUINTILONE, II IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

on the following parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

_____   *(BY MAIL)* I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Lake Forest, California. I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day. I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.

_____   *(BY PERSONAL SERVICE)* I delivered each such document by hand to each addressee above.

_____   *(BY OVERNIGHT DELIVERY)* I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express or Overnight Express. I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of Quintilone & Associates' business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or Overnight Express or delivered to a courier or driver authorized by Federal Express or Overnight Express to receive documents on the same date it is placed at Quintilone & Associates for collection.

_____   *(BY FACSIMILE)* By use of facsimile machine number 949.458.9679, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

\_\_\_X\_\_   *(BY E-MAIL)* I caused a true and correct copy of each document to be delivered by Electronic Mail through the Court's ECF System.

Executed on **April 25, 2016** at Lake Forest, California.

\_\_\_X\_\_\_\_   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
ALVIN B. LINDSAY

## SERVICE LIST

Joel Cohn, Esq.  —  Attorneys for Defendants
Donna M. Mezias Esq.  .
Ashley Keapproth, Esq.
Liz K. Bertko Esq.
Akin Gump Strauss Hauer & Feld LLP
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone: 415.765.9500
Facsimilie: 415.765.9501
jcohn@akingump.com
dmezias@akingump.com
akeapproth@aikingum.com
lbertko@akingump.com


Daren H. Lipinski Esq.  —  Co-Counsel for Plaintiffs and Class
Brown & Lipinski
5811 Pine Avenue, Suite A
Chino Hlls, California 91709
Tel (909) 597-2445
Fax (909) 597-6199
Email dlipinsky@aol.com


**Q&A Case No.: 14.01174**