RICHARD E. QUINTILONE II (SBN 200995)
ALVIN B. LINDSAY (SBN 220236)
**QUINTILONE & ASSOCIATES**
22974 EL TORO ROAD SUITE 100
LAKE FOREST, CA 92630-4961
TELEPHONE NO. (949) 458-9675
FACSIMILE NO. (949) 458-9679
E-MAIL: REQ@QUINTLAW.COM; ABL@QUINTLAW.COM

DAREN H. LIPINSKY, ESQ. (SBN 190955)
**BROWN & LIPINSKY, LLP**
5811 PINE AVENUE, SUITE A
CHINO HILLS, CA 91709
TELEPHONE NO. (909) 597-2445
FACSIMILE NO. (909) 597-6199
EMAIL DLIPINSKY@AOL.COM
Attorneys for Plaintiff AMY CASEY individually and all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRIAN ROGERS, an individual, and AMY CASEY, an individual, on behalf of themselves, and on behalf of all employees similarly situated,

Plaintiffs,

vs.

THD AT-HOME SERVICES, INC. dba HOME DEPOT, a Delaware Corporation; US REMODELERS dba HOME DEPOT INTERIORS, a Delaware Corporation; US HOME SYSTEMS. INC., an unknown corporation, and DOES 1 through 100, inclusive,

Defendants.

**Case No.: 5:14-cv-02069-JGB-SP**

**CLASS ACTION**

**Assigned for All Purposes To:**
**Judge: Jesus G. Bernal**

**DECLARATION OF ALVIN B. LINDSAY IN SUPPORT OF PLAINTIFF'S APPLICATION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 79-5**

Date: June 13, 2016
Time: 9:00 a.m.
Courtroom: 1

Complaint Filed: July 14, 2014
Removed: October 6, 2014
Amended Complaint: January 29, 2015

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 79-5, Plaintiff Amy Casey ("Plaintiff"), on behalf of herself and a Class of similarly situated current and former sales consultant employees of Defendants THD AT-HOME SERVICES, INC. dba HOME DEPOT US REMODELERS dba HOME DEPOT INTERIORS, and US HOME SYSTEMS. INC. (referred to collectively as "Defendants"), hereby respectfully submits this Application to file under seal the following documents in their entirety:

1. **Exhibit M** to the Declaration of Richard E. Quintilone, II in support of Plaintiff's Motion for Class Certification (ECF No. 50). Document entitled "Store Connectivity."

2. **Exhibit N** to the Declaration of Richard E. Quintilone, II in support of Plaintiff's Motion for Class Certification (ECF No. 50). Document entitled "HDI On-boarding for Sales Consultants Participant Guide (12/2013)."

3. **Exhibit O** to the Declaration of Richard E. Quintilone, II in support of Plaintiff's Motion for Class Certification (ECF No. 50). Document entitled "Store Connectivity." "Home Depot Interiors Sales Consultant Time In Stores."

Good cause exists for filing the above documents under seal. The parties to this action have agreed to a Protective Order, entitled Stipulation Regarding Confidential Material (ECF No. 35). The Protective Order states that documents designated as Confidential Material by the parties will be filed with the "Court under seal as set forth in Local Rule 79-5, unless the parties agree in advance that sealing is unnecessary." Defendants designated the above documents CONFIDENTIAL pursuant to the Protective Order, therefor Plaintiff is compelled to file them under seal.

On **April 25, 2016**, Plaintiff's counsel sent an e-mail correspondence to Defendant's counsel asking if it would agree to stipulate to de-designating the documents or else otherwise permitting Plaintiff to file them through normal ECF procedures. (*See* Declaration of Alvin B. Lindsay ("**Lindsay Decl.**") in support of Plaintiff's Application to Seal Documents (**Lindsay Decl. ¶ 16**). Defendants' counsel

did not respond to Plaintiff's request, so we proceeded with the present filing. *Id.*

A court may order the sealing of court records when they contain confidential or otherwise sensitive business information. *IMAX Corp. v. Cinematech, Inc.*, 152 F.3d 1161, 1168 (9th Cir. 1998) (noting that confidential and proprietary business information is "to be filed under seal."). Plaintiff does not believe the documents contain Confidential Information, as Defendants have over-designated them. Also, the public, including the other employees similarly situated to Plaintiff, have a substantial interest in ensuring there is public access to these documents . (**Lindsay Decl.** ¶ 7).

Nevertheless, as Plaintiff and her counsel are required to abide by Local Rule 79-5 and the parties' Protective Order, Plaintiff is filing these documents under seal. Plaintiff' therefore respectfully requests that the Court grant this application to file under seal pursuant to Local Rule 79-5 and the parties' Protective Order.

Dated: April 26, 2016

QUINTILONE & ASSOCIATES

By: ______________________________

RICHARD E. QUINTILONE II,
ALVIN B. LINDSAY
Attorneys for Plaintiff AMY CASEY individually and on behalf of all employees similarly situated

## PROOF OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years, and not a party to the within action. I am an employee of or agent for Quintilone & Associates, whose business address is 22974 El Toro Rd., Suite 100, Lake Forest, CA 92630-4961.

On **April 26, 2016**, I served the foregoing document(s):

**PLAINTIFF'S APPLICATION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO L.R. 79-5**

on the following parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

_______ ***(BY MAIL)*** I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Lake Forest, California. I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day. I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.

_______ ***(BY PERSONAL SERVICE)*** I delivered each such document by hand to each addressee above.

_______ ***(BY OVERNIGHT DELIVERY)*** I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express or Overnight Express. I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of Quintilone & Associates' business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or Overnight Express or delivered to a courier or driver authorized by Federal Express or Overnight Express to receive documents on the same date it is placed at Quintilone & Associates for collection.

_______ ***(BY FACSIMILE)*** By use of facsimile machine number 949.458.9679, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

___***X***__ ***(BY E-MAIL)*** I caused a true and correct copy of each document to be delivered by Electronic Mail through the Court's ECF System.

Executed on **April 26, 2016** at Lake Forest, California.

___X____ (**FEDERAL**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_______ (**STATE**) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

______________________________
ALVIN B. LINDSAY

**SERVICE LIST**

Joel Cohn, Esq.
Donna M. Mezias Esq.
Ashley Keapproth, Esq.
Liz K. Bertko Esq.
Akin Gump Strauss Hauer & Feld LLP
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone: 415.765.9500
Facsimilie: 415.765.9501
jcohn@akingump.com
dmezias@akingump.com
akeapproth@aikingum.com
lbertko@akingump.com

Attorneys for Defendants
.

Daren H. Lipinski Esq.
Brown & Lipinski
5811 Pine Avenue, Suite A
Chino Hlls, California 91709
Tel (909) 597-2445
Fax (909) 597-6199
Email dlipinsky@aol.com

Co-Counsel for Plaintiffs and Class

**Q&A Case No.: 14.01174**